HHN

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK HELM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 2585 |
| vs. ) | Magistrate Judge Sidney I. Schenkier |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Frank E. Helm, was denied social security benefits by an Administrative Law Judge ("ALJ") on July 28, 2006 (R. 12), and the Appeals Council also denied his application on March 12, 2007 (R. 5). On April 29, 2008, this Court issued a Memorandum Opinion and Order ("Mem. Op.") reversing the decision of the Commissioner and remanding the case for the ALJ to conduct further proceedings. Mr. Helm now has filed a petition seeking $4,784.55 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (doc. # 29). For the reasons stated below, we grant plaintiff's motion and award attorney's fees in the full amount requested.

### I.

Under EAJA, a successful litigant against the federal government is entitled to recover attorney's fees where (1) he is a "prevailing party"; (2) the government's position is not "substantially justified;" (3) no "special circumstances" exist which would make the award unjust, and (4) he timely filed an application for fees. 28 U.S.C. § 2412 (d)(1)(A), (B). *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). In the case at hand, the Commissioner does not dispute that plaintiff is a prevailing party; nor does the Commissioner argue that special

circumstances exist which would make an award unjust, or that plaintiff's motion is untimely. The only issue is whether the Commissioner's position was "substantially justified."

The Commissioner's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The Seventh Circuit has explained that the substantial justification standard requires that the government show "that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citing *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987) (quoting *Donovan v. DialAmerica Mkting, Inc.*, 757 F.2d 1376, 1389 (3rd Cir. 1985)).

Under EAJA, the Commissioner bears the burden of proving that its position was substantially justified. *Golembiewski*, 382 F.3d at 723-24. In making a determination of substantial justification, a court may consider the Commissioner's litigation position, as well as its prelitigation conduct. *Marcus*, 17 F.3d at 1036. EAJA fees may be awarded if either the Commissioner's prelitigation conduct or its litigation position is not substantially justified. *Id.* However, the district court may make only one determination for the entire civil action. *Id.* This global assessment requires that the district court examine not simply whether the Commissioner was substantially justified at the beginning or end of the proceedings, but also whether the Commissioner was substantially justified in continuing to push forward at each stage. *Hallmark Construction*, 200 F.3d at 1081. If substantially justified in its position, the Commissioner will not be ordered to pay fees under EAJA, even if the plaintiff prevailed in the underlying action. *See Jackson v. Chater*, 94 F.3d

2

274 (7th Cir. 1996); *Kolman v. Shalala*, 39 F.3d 173 (7th Cir. 1994); *Berman v. Schweiker*, 713 F.2d 1290 (7th Cir. 1983).

## II.

After review of the record, the Court concludes that the Commissioner's position was not substantially justified. In ordering a remand, this Court pointed out serious deficiencies in the ALJ's decision that made it clear that the Commissioner was not substantially justified in defending its position.

*First*, the Court identified serious defects in the ALJ's Step 2 analysis (Mem. Op. at 15-18). Mr. Helm argued that he had been diagnosed with neuropathy, which affected his ability to perform basic work functions. The ALJ found that any neuropathy Mr. Helm may suffer "does not impact upon his ability to perform basic work-related activities," and thus is not a severe impairment (R. 16), despite assessments from two doctors finding that Mr. Helm has a reduced capacity in multiple work-related areas (R. 148, 164). Further, the ALJ rejected the assessment by Mr. Helm's treating physician that Mr. Helm suffers from neuropathy, even though the record contained the reports of at least three doctors other than Mr. Helm's treating physician who found that Mr. Helm does suffer from neuropathy, including one doctor who performed an electromyogram ("EMG") in 2001 that showed polyneuropathy and mononeuropathy (R. 226). The ALJ also disregarded the EMG finding, suggesting that he did so because it has not been updated since 2001. But, he failed to explain how the EMG did not support the treating physician's opinion, and did not resolve inconsistencies between the assessments of the various doctors who treated Mr. Helm.

The ALJ's failure to explain his reasoning runs contrary to clear Seventh Circuit law. *See, e.g., Zurawski v. Halter*, 245 F.3d 881, 887, 889 (7th Cir. 2001) (the ALJ's decision must provide

3

"an accurate logical bridge from the evidence to [the] conclusion" that provides at least a "glimpse into the [ALJ's] reasoning"); *Powers v. Apfel,* 207 F.3d 431, 435-36 (7th Cir. 2000) (deference to an ALJ's credibility findings is premised on the ALJ providing an explanation so that the reviewing court can assess whether they are supported by substantial evidence or instead are "patently wrong"). Moreover, as we explained (Mem. Op. at 18-19), this error at Step 2 led to incomplete – and tainted analysis at Step 3. These fundamental errors by the ALJ lead us to conclude that the ALJ's determination – and the Commissioner's defense of it – was not substantially justified.

### III.

EAJA requires that a plaintiff seeking a fee award submit an itemized statement by counsel setting forth the time expended on the case and the hourly rate to be used to make the total fee calculation. 28 U.S.C. § 2412(d)(1)(B). The statement submitted by plaintiff's counsel indicates 28.65 hours were spent on the proceedings in this Court, and that the statutory hourly rate for 2007 was $167.00 per hour (Pl.'s Petition at 3 and Ex. A). Thus, the plaintiff requests a total award of $4,784.55.

The Commissioner does not argue that the time plaintiff's counsel devoted to the case was excessive, or that the hourly rate claimed is incorrect. We agree that the fee request made by plaintiff is reasonable and has been calculated correctly, and thus we award the full amount requested: $4,784.55.

## CONCLUSION

For the reasons stated above, the Court grants plaintiff's petition (doc. #29) for EAJA fees and award $4,784.55 in attorney's fees payable directly to plaintiff's counsel, Clyde Ogg.

ENTER:

_____
SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: August 5, 2008